Frazier v. Steenrod.

FRAZIER *v.* STEENROD.

Where in an action of right, the defendant claimed title to the real estate under a guardian's sale, and to make out his title, brought into court the files constituting the record of the probate court, for the purpose of showing a license to sell the said real estate, granted to the guardian of the plaintiff, of which files he offered in evidence the oath of the guardian, filed in compliance with the act relating to wills, administrators, &c., approved February 13, 1843, and the published notice of the sale, which, upon objection being made, were rejected as evidence; and where the plaintiff then offered in evidence a paper purporting to be the petition for a license to sell the real estate, and the published notice of the intended presentation of the petition; and where the plaintiff proved that the papers offered by him, were found in, kept, and used with, the papers of the probate court, and the judge of that court testified that they were papers in the said guardian matter in the probate court, and there were not any other such among the same papers; and where the guardian testified that he supposed them to be the original papers, and it further appeared that they were brought into court by the defendant, with the parcel of papers, from which the defendant offered the affidavit of publication, and who only offered such portion of the said files as suited his case, which papers, so offered by the plaintiff, were objected to, but admitted in evidence by the court; *Held,* That all the papers offered in evidence, both by the plaintiff and defendant, were sufficiently proved to render them admissible, if otherwise competent.

The oath of a guardian licensed to sell real estate, as follows: "That in fixing the time and place of sale, &c., I will use my best judgment, and so conduct the sale, as, in my opinion, shall be most to the advantage of my said ward," is a sufficient compliance with section 11 of chapter 11, and section 11 chapter 10, of the act relating to wills, &c.; approved February 13, 1843.

Where the notice of a guardian's sale of real estate, under the statute regulating wills, approved February 13, 1843, fixed the sale for the 12th of May, 1849—at the foot of which notice were the words and figures, "April 26, 1849—3t.;" and where the affidavit of the guardian alleged that the notice was published "for three weeks immediately preceding the 12th day of May, 1849;" and where the notice was rejected as evidence in an action of right, in which the defendant claimed title under the said guardian's sale; *Held,* That the court erred in rejecting the evidence.

Section thirteen of chapter ten of the statute relating to wills, &c., approved February 13, 1843, which provides that the court which licenses the sale of the real estate of a minor, may order notice thereof to be published three weeks successively in a newspaper, does not necessarily require that the notice should be published three full weeks, or twenty-one days.

Frazier v. Steenrod.

A petition for the sale of real estate, under the act relating to wills, administrators, &c., approved February 13, 1843, like a deed, must be held good for so much of the land as it correctly describes.

While the sufficiency of a notice, petition, or the like, will not be adjudicated in a collateral proceeding, this rule does not apply to a case where the paper offered, is so entirely deficient as not to answer the requirement of the law in any degree. Thus, when that which is offered as a notice, is not, in any proper sense, a notice, or when it is not, in any degree, a notice of that which is required to be notified, the rule does not apply.

The granting of letters of guardianship, is not sufficient to give the probate court jurisdiction of the ward, and of his estate, so as to place an order of sale, or of a license to sell, his realty, beyond question, in a subsequent proceeding.

An application by a guardian, for a license to sell the real estate of the ward, under the statute relating to wills, &c., approved February 13, 1843, must be regarded as a new proceeding, collateral to the guardianship, and is to be treated as such.

A notice of the presentation of the petition by a guardian, for a license to sell the real estate of the ward, under the statue relating to wills, &c., approved February 13, 1843, is the first step in the proceeding; and where it misdescribes the land sought to be sold, it is nc notice—the court obtains no jurisdiction to grant a license to sell—and the sale is void.

*Appeal from the Des Moines District Court.*

MONDAY, DECEMBER 13.

This action was brought to recover certain land in Des Moines county, which was sold by the guardian of the plaintiff, under a license obtained therefor, in the year 1849. The facts sufficiently appear in the opinion of the court, in connection with the questions raised for determination. The judgment of the district court was rendered in favor of the plaintiff, and the defendant appeals.

*C. Ben Darwin* for the appellant.

*David Rorer,* for the appellee.

WOODWARD, J.—The questions made in the cause, do not call for much discussion of the rules and principles heretofore considered in the cases of *Cooper* v. *Sunderland,* 3 Io-

Frazier v. Steenrod.

wa, 113, and *Morrow* v. *Weed*, 4 Ib., 77. The points may be presented with brevity.

The first and second errors assigned, are to the refusal to admit in evidence certain papers offered by the defend-ant, and the third is to the admission of certain ones offered by the plaintiff.

The defendant claimed under a guardian's sale, and to make his case, brought into court, (as the bill of exceptions shows), the files constituting the record in the probate court of the case of the guardianship of Ann Eliza Frazier, the plaintiff. Of these papers, the defendant offered in evi-dence the oath of the guardian, prescribed by the Rev. Stat. 1843, 715 and 708 ; and also offered the published notice of the sale, which, upon objection made, the court refused to admit in evidence, deciding that they were in-insufficient.

The plaintiff then offered a paper, purporting to be the petition for a license to sell the real estate, and the pub-lished notice of the intended presentation of the petition. The defendant objected to their admission. The plaintiff proved that these papers were found in, used, and kept with, the papers of the probate court, and the judge of that court testified that they were papers in the said guardian matter in the probate court, and that there was not any other such among the same papers. The guardian also testified that he supposed them to be the original papers. The bill of exceptions further certifies, that they were brought into court with the parcel of papers from which the defendant offered the affidavit of publication, and were brought in by the defendant, who offered such portions only as suited his case. To the admission of these papers the defendant ob-jected, but the objection was overruled, and they were ad-mitted.

These papers were sufficiently proved to render them admissible, so far as depended upon any objection of that nature. Then, it is manifest that the files or records of the case in the probate court, once being proved to be such, would be admissible in evidence ; but, upon objection be-ing made to any portion of them, on the ground of insuf-

ficiency, it would be the duty of the court to instruct upon that point. Strictly speaking, therefore, it was incorrect to refuse to admit in evidence those offered by the defendant ; but they should have been admitted, and then the court should have instructed in regard to their sufficiency and effect.

But the course pursued becomes immaterial, for if the court had admitted them, and then instructed that they were insufficient for their purpose, the effect would have been the same. The defendant, therefore, suffers no detriment by the ruling out the papers offered by him. But the question remains, whether the court erred in holding those papers insufficient for the end designed by them. The determination of this question leads to a more particular examination.

The first instrument referred to, was the oath of the guardian. Rev. Stat., 1843, 715 and 708. The objection made was, that it was not such an oath as was required by law, which objection was sustained, The oath taken by the guardian was : "that in fixing the time and place of sale, &c., I will use my best judgment, and so conduct the sale, as, in my opinion, shall be most to the advantage of my said ward." The statute prescribes what the oath shall be —in substance that which is required. The difference in phraseology makes no material change in the sense. The statute uses the terms, " most for the advantage of all interested therein," which are but generic terms, including persons of any description who are interested, and applied originally to the case of an administrator, when different descriptions of interest might be embraced. And the legal effect is not changed, when, instead of the general terms, a specific description of those interested, is substituted. And we do not think that the other changes of phraseology affect the legal interest of the oath, but believe it to be substantially such as the statute required.

But, again : we are not prepared to concede that the mere sufficiency of such an instrument, can be inquired in-

to collaterally. We refer to what is said. in the cases before mentioned. The remarks there made are not understood to apply to a case, where the instrument offered is so entirely alien, as not, in any sense, to answer the requirement in the given case, but apply to cases where the question is that of sufficiency, in the ordinary sense. Of such a nature is the one now before us. Sales by administrators and guardians would prove to be pit-falls to all but the most astute of legal minds, if criticism, such as those made upon the form of this oath, could avail to nullify them.

A question of a somewhat different character, arises on the second paper offered by the defendant, and rejected by the court, which was the notice of the time and place of sale, with the guardian's affidavit of publication, made and filed in accordance with the Rev. Stat. 1843, 715 and 709. If the plaintiff is to be understood as saying that the land is misdescribed in this notice of the sale, he mistakes as to the fact. It does not appear to this court, for what cause the court below rejected this paper, unless it is indicated in the argument, when objection is made on account of the time of the advertisement. The counsel urges that it should have been published three full weeks, and could not have been, in fact, more than seventeen days. This is urged from the circumstance, that, at the foot of the advertisement are the words and figures, "April 26, 1849–3t." The affidavit of the guardian avers that the notice was published " for three weeks immediately preceding the 12th day of May, 1849," which 12th day of May was the day of sale.

Assuming that the foregoing was the cause for the rejection of the proposed evidence, we think there was error, upon two grounds. The affidavit of the guardian, with a copy of the advertisement, is the recognized, legal method of preserving the proof; and this is not so far outweighed by the ambiguous and uncertain evidence contained in the note to the advertisement, as to warrant the court in preferring the latter to the former. When the effect sought

is to be the overthrow of a sale, otherwise fairly made, the evidence should be strongly overbalancing.

But, even should the above not seem satisfactory, there is another and more clear ground to stand upon. The statute of 1843, section 13, 708, provides that instead of posting notices, the court may direct publication in a newspaper "three weeks successively." In *Morrow* v. *Weed*, 4 Iowa, 77, it was held that these terms do not necessarily mean three full weeks, or twenty-one days; and that, however much that construction might be preferred in making an order *a priori*, the court will not force it beyond the letter of the statute, at the expense of a *bona fide* purchaser, and of proceedings otherwise well conducted.

The defendant having closed his case, the plaintiff offered in evidence the petition for license to sell, and the notice of the intended presentation of that petition, in order to show that the two did not agree as to the land to be sold, and that it was misdescribed in the notice. There is such an incongruity in the papers.

The land intended to be sold, was the west half of the south-east quarter of section twenty, township seventy, range two west, and the west half of the east half of the same quarter section. The notice of presenting the petition, describes it as the east half of south-west quarter of section twenty, township sixty-nine, range two west, and the south half of east half of same quarter. The petition to sell, describes it as the west half of south-east quarter, section twenty, township seventy, range two west, and the south half of east half of same quarter. Thus, the notice describes it entirely wrong, placing it in a different township. The petition is correct in all but twenty acres, this including a tract of that quantity, not belonging to the ward, and omitting a parcel of the same quantity which did belong to her. Then the license to sell, the notice of sale, and the deed, all contain the true and correct description of the hundred and twenty acres intended.

The plaintiff contends that these incongruities, invalidate the whole proceeding, and render the sale void. And

such must be the consequence of the entire misdescription in the notice, of the presentation of the petition for leave to sell. The petition must, like a deed, be held good for so much of the land as it covers, which is all but the north half of the west half of the east half of the south-east quarter of the section, it being twenty acres. It thus omits that quantity of land owned by the ward, and includes a like quantity not owned by her.

The principal question, however, arises on the notice of the presentation of the petition, which wholly misdescribes the land, placing it in another township, and also in the wrong quarter section. This notice was the first step in the proceeding. There had been nothing preceding it—at least, nothing appears; and in any similar case, there may be nothing prior to this notice, saving the appointment of the guardian, and then this is the initiative. We have held, in a former case, that the sufficiency of a notice, petition, or the like, will not thus be tried; but, as before remarked in this case, this rule is not to apply to an instance where the paper offered, is so entirely alien as not to answer the requirement in any degree. Thus, when that which is offered as a notice, is not, in any degree, a notice of that which is required to be notified, the rule cannot be said to apply. Apply this rule to the present instance. The notice relates to land in another township, and in a different quarter section. Here there is no defect—no deficiency—but a total want. Therefore, we regard it is as *no notice.* It is not intended to say, that the notice must have contained a description of the land, but that, when it undertakes. to describe it, such entire error will destroy it.

This brings us to the point of jurisdiction. The statute of 1843, 717, provides that the sale shall not be avoided, if it appear, *first,* that it was ordered by a court of competent jurisdiction. In the case of *Little* v. *Sinnett, ante* 324, are some remarks touching the meaning of the phrase, "court of competent jurisdiction," and showing

that it is susceptible of a wider or a narrower construction. We will not discuss the question there suggested, but will say only, that the mere granting letters of guardianship, is not sufficient to give the required jurisdiction, so as to place an order of sale, or a license to sell, beyond question. Some 'circumstances may. exist in the case of guardianship, which would not in that of an administration. A guardian may be appointed ten years, more or less, before an application is made for the sale of the ward's estate; and it would seem to us going too far, to hold that by such appointment the court acquired jurisdiction, so as to protect from question, subsequent proceedings had with a view to the sale of the realty, though they took place, perhaps, ten years after the appointment. In other words, it would be going beyond what we are prepared for, to hold that the jurisdiction acquired in the first proceedings to obtain guardianship, would be sufficient to bring subsequent proceedings for a sale, under the rule, that when jurisdiction is once obtained, no irregularities in the following steps will vitiate them. Guardianship may exist, and may expire, without the necessity of a sale. A sale of realty, is in no sense, or degree, a necessary consequence. Therefore, the obtaining leave to sell, must be regarded as a new proceeding—as something collateral to the guardianship—as the commencement of a new series—and so requiring to be treated as such. In the beginning of a proceeding of any nature, those things must exist, which, upon common principles, are usually required to confer jurisdiction upon a court; and these are a petition and notice. Having seen that the paper proposed as a notice in this case, is not one, it follows, of course, that the court had no jurisdiction to grant the license to sell, and, consequently, that the sale was void.

The judgment of the district court is affirmed.