[No. 4674.  Decided December 19, 1903.]

THE STATE OF WASHINGTON, on the Relation of A. Willars, Respondent, v. J. W. McCONNAUGHEY, as Treasurer of King County, et al., Appellants.[1]

PUBLIC LANDS—COUNTY PROPERTY—SALE BY COUNTY COMMISSIONERS—NOTICE—ERRONEOUS DESCRIPTION.  Bal. Code, § 306, providing that notice of sale of county lands by order of the county commissioners shall particularly describe the property, must be

[1]Reported in 74 Pac. 678.

strictly complied with, and when the body of the notice designates the wrong block the sale is invalid, although the caption of the notice correctly states the block, since the caption is no part of the notice, and it is impossible to say that no one was misled by the error.

SAME—ERROR IN DESCRIPTION—ATTEMPT OF OFFICERS TO CORRECT AT TIME OF SALE. In such a case the sale can not be rendered valid by any act of the officers at the time of making the sale, or by an agreement with the purchaser that the notice was erroneous and that a different tract was intended and sold.

Appeal from a judgment of the superior court for King county, Tallman, J., entered January 9, 1903, upon a de-. cision and findings of the court in favor of the relator awarding a peremptory writ of mandamus compelling county officials to execute a deed. Reversed.

*F. S. Griffiths,* for appellants.

*Peters & Powell,* for respondent.

PER CURIAM.—On the 27th day of December, 1902, the state of Washington, on relation of A. Willars, filed a petition in the superior court of King county for a writ of mandate against J. W. McConnaughey as treasurer, and George B. Lamping as auditor, of King county, requiring them in their official capacity to execute to petitioner a deed of lots 20, 21, and 35 in block 7 in King County Addition to the city of Seattle. Such proceedings were thereafter had that this matter came on for hearing before the superior court on the 25th day of February, 1903, findings of fact and conclusions of law were made, and judgment entered awarding a peremptory writ of mandamus as prayed for in the petition; from which judgment, the treasurer and auditor of King county appeal to this court.

It appears from the findings, that on November 5, 1902, and for some time prior thereto, King county was the owner of the above lots; that, at that date, the board of commis-

sioners of such county, in regular session, determined that it was for the best interests of the county, and of all persons interested, to sell the above described lands with others, at a minimum value of $75.00 per lot; and directed the sheriff to make such sale, and the county auditor to give notice thereof, in the manner provided by law, fixing the value of each lot offered for sale at a minimum price of $75.00.

The court made the following findings of fact:

"(6) That in the resolution of the county commissioners for the sale of said premises, and in authority of the sheriff through the county auditor to carry into effect said resolution, and each and all of the prior proceedings, the property was described as lots twenty (20), twenty-one (21) and thirty-five (35) of block seven (7) of King County Addition, in King county, state of Washington, but the notice of sale as posted and published by the sheriff was in the following words and figures, to-wit:

'Notice of Sale of County Property.

'Lots 17 to 21 inc. & 32 to 35 inc. block 7 of the King County Addition.

'It appearing to the board that on the 2nd day of October, 1902, application was made to the board of county commissioners of King county for the purchase of lots 17 to 21, inc., and 32 to 35 inc. of block 5, of King County Addition, and that by order and advertisement as required by law, Nov. 5, 1902, at the hour of 2 o'clock p. m. was set for hearing to determine the advisability of selling said property, and on said day set for the hearing thereof, the board met, and being fully advised in the premises, deemed it to the best interest of the county of King that said property be sold; It is therefore ordered that the sheriff of King county be directed to sell the said property at the front door of the King county court house, at not less than the appraisal thereof—$75 per lot—said sale to be made on the 10th day of December, 1902, at the hour of 2 o'clock p. m. and that due return of said sale be made to this office.  The county treasurer is hereby directed to appear

at said sale and to receive all moneys paid in thereat, issuing to the successful bidder at said sale a deed for said lots setting forth all the proceedings had thereunder, said deed to be attested by the county auditor under his official seal.

'Dated this 5th day of Nov. 1902.

'The board of county commissioners of King Co.

'By Geo. B. Lamping, clerk of the board.'

"That in truth and in fact, while there was in the addition of King county a block No. five (5), there were only eleven (11) lots in said block, numbered from one to eleven consecutively; that on the sale of said property on the 10th day of December, 1902, the property actually offered for sale, and the property bid in by the petitioners, was lots twenty (20), twenty-one (21) and thirty-five (35) of block seven (7) of King County Addition, and it does not appear that any one was misled by the discrepancy in said notice as posted and published by the sheriff, or that any one has been prejudiced thereby.

"(7) That when said land was offered for sale under the advertisement set out in finding six, the said sheriff then and there offered for sale on the 10th day of December, 1902, the lots described as lots seventeen (17) to twenty-one (21) and thirty-two (32) to thirty-five (35), inclusive, of block five (5) of King County Addition. That relator herein thereupon called the sheriff's and deputy treasurer's attention to the fact that the description of said property, as set forth in the body of said advertisement, was wrong in that it referred to block five (5), when in the heading of said advertisement it was set forth that the block was block seven (7). That thereupon, it was agreed between the sheriff, deputy treasurer and relator that block seven (7) was intended instead of block five (5), and thereupon the sheriff, with the consent and under the direction of the treasurer, exposed for sale lots seventeen (17) to twenty-one (21 and thirty-two (32) to thirty-five (35) inclusive, of block seven (7) of King County Addition, of which the relator purchased lots twenty (20), twenty-one (21) and thirty-five (35) in block seven (7).

"(8)  That demand has been made by the petitioner upon

the defendant treasurer and upon the auditor to execute and deliver to this petitioner a deed of said land, but this, both of them have refused to do."

Thereupon, the court made conclusions of law in conformity with the findings, granting the relief prayed for in the petition. The only question presented on this appeal is whether the above notice was a sufficient compliance with the statute in the matter of the description of the property ordered to be sold by the county board.

The proceedings were had under Bal. Code, ch. 3, §§ 305-311. § 305 authorizes and empowers the board of county commissioners to sell and convey county property, "under the limitations and restrictions, and in the manner, hereinafter provided." § 306 provides for the giving of notice of the intention to sell. "Such notice so published shall particularly designate and describe the property or portion thereof which it is proposed to sell." § 307 makes provision relating to the findings and records of the board of commissioners. § 308 relates to the effect of the decision of the board, and provides that, "If the board shall find and determine in favor of such sale, they shall then enter an order on their minutes, directing the auditor of the county to give such notice in the manner prescribed in § 306." No question is raised but that the board, at its session on November 5, 1902, described the property ordered to be sold as lots 17 to 21 and 32 to 35, both inclusive, of block 7, of King County Addition, as the same appears from the caption of the notice; though the findings, conclusions, and judgment relate specially to the property designated in the application for the writ of mandate.

We conceive it to be a general and salutary proposition of law, that "Statutes by the authority of which a citizen may be deprived of his estate must have the strictest construction, and the power conferred must be executed pre-

cisely as it is given, and any departure from it will vitiate the proceedings; and this is so whether it be in the exercise of a public or private authority, whether it be ministerial or judicial." Potter's Dwarris, Statutes and Const., pp. 146, 224, and 225 and notes; *Powell v. Tuttle,* 3 N. Y. 396; *Sherwood v. Reade,* 7 Hill (N. Y.) 431. The order of the commissioners directed the lots in block seven (7) to be advertised and offered for sale, which the county auditor failed to do, but instead, noticed for sale lots in a different block. This the auditor had no authority to do. The caption is no part of the notice. Parties wishing to bid on the property advertised for sale would naturally look to the body of the notice, rather than to the caption for a correct description, and, in case of a discrepancy, would regard the description designated in the body of the notice as referring to the property intended to be offered for sale. § 308 of Bal. Code, referring back to § 306, requires that the notice "shall particularly designate and describe the property." It is self-evident from a mere reading of the notice that the property in question was not so designated and described. Evidently the object of the law is to secure the best price possible for the property of the county offered at public sale, and that the public may know the particular property on which bids are to be invited at the time and place of sale, so that no evidence *aliunde* may be necessary for its identification. The accuracy and sufficiency of the notice must be tested by the statute. It was impossible for the learned trial court to say whether any one was misled by this discrepancy. *Frazier v. Steenrod,* 7 Iowa 339, 71 Am. Dec. 447; Wade, Law of Notice, § 1088. The powers of the county board and the county officials with reference to the disposition of the property in question were measured by the statutory provisions above noted. They cannot be deviated from or enlarged upon by any party or official

in matters of substance, attempted to be exercised in that behalf, without invalidating the proceedings. Therefore we are unable to see that the position of relator is in any wise strengthened by any act or agreement had with the treasurer and sheriff with reference to this notice of sale. But on the other hand, the facts, as they appear in the findings of the trial court, tend to show that the notice was misleading. If not, why did the relator, at the time of the sale, feel impelled to direct the attention of the sheriff and deputy treasurer to the discrepancy? The general principle of law is applicable to these proceedings "that where special proceedings are authorized, by which the estate of one may be divested and transferred to another, every material step in the course of the proceedings must be pursued." *Reynolds v. Wilson,* 15 Ill. 396, 60 Am. Dec. 753.

We are therefore of the opinion that the judgment must be reversed, and the case remanded to the superior court with directions to quash the peremptory writ of mandamus and dismiss the proceedings, at the cost of the relator, and it is so ordered.